UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: _____

| | |
|---|---|
| Cheri Lindquist,<br><br>    Plaintiff,<br>v.<br><br>Nelson, Watson & Associates, LLC,<br>John Doe, and Jane Doe,<br><br>    Defendants. | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. Section 227 *et seq.*, which are predicated upon the same facts and circumstances that give rise to the federal causes of action. Injunctive relief is available pursuant to the TCPA.

2. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. Section 227 *et seq.* in their illegal efforts to collect a consumer debt.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Cheri Lindquist (hereinafter "Plaintiff") is a natural person who resides in the City of Maple Grove, County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) or a person affected by a violation of that law.

5. Defendant Nelson, Watson & Associates, LLC, (hereinafter "Defendant NWA") is a collection agency and foreign corporation operating from an address of 80 Merrimack St Lower Level, Haverhill, Massachusetts 01830, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant John Doe (hereinafter "Defendant John Doe") is a natural person(s) who was employed at all times relevant herein by Defendant NWA as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant Jane Doe (hereinafter "Defendant Jane Doe") is a natural person(s) who was employed at all times relevant herein by Defendant NWA as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Between approximately June 25, 2011 and August 18, 2011, Defendants attempted to collect from Plaintiff a financial obligation that was primarily

for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a defaulted personal credit card debt with Capital One.

9. Between approximately July 16, 2011, and August 18, 2011, Defendant NWA and the collectors employed by Defendant NWA repeatedly and willfully contacted Plaintiff on her cellular telephone in an effort to collect this debt, which were "communication[s]" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

10. Defendants John Doe and Jane Doe, who true names and identities have not yet been determined, made repeated telephone calls to Plaintiff's home and cellular numbers in an effort to collect this debt that failed to contain the notice required by 15 U.S.C. § 1692e(11).

11. These repeated autodialed collection calls were illegal third-party attempts to collect this debt in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(5), 1692d(6), 1692e, 1692e(2), 1692e(5), 1692e(10), 1692e(11), and 1692f, amongst others, as well as violations of the TCPA.

### *Telephone Consumer Protection Act*

12. At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. § 153(32).

13. At all times relevant to this complaint, the Defendant NWA has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(14) that originated, routed, and/or terminated telecommunications.

14. The Defendant NWA at all times relevant to the complaint herein engages in "telecommunications" defined by the TCPA 47 U.S.C. § 153(43).

15. The Defendant NWA at all times relevant to the complaint herein engages in "interstate communications" by the TCPA 47 U.S.C. § 153(22).

16. At all times relevant to this complaint, the Defendant NWA has used, controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. § 153(52), that existed as instrumentalities of interstate and intrastate commerce.

17. At all times relevant to this complaint, the Defendant NWA has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

### *Illegal Auto-Dialed Collection Calls*

18. Within one year immediately preceding the filing of this lawsuit, Defendant NWA willfully telephoned the Plaintiff's cellular telephone on at least eleven (11) occasions between July 2011 and August 2011 and left recorded messages on the Plaintiff's answering service and in violation of the TCPA.

19. Defendant NWA and its collectors repeatedly called Plaintiff on her cellular telephone using an automatic telephone dialing system and left her voice mails on her cellular telephone in an attempt to collect this debt.

20. On many of these messages, Plaintiff heard a message from Defendant NWA telling her to return the call and leaving a reference toll free number.

21. These autodialed collection calls from Defendant NWA to Plaintiff were made in willful violation of the TCPA also failed to provide Plaintiff with the notices required by 15 U.S.C. § 1692e(11).

22. These repeated autodialed collection calls were illegal third-party attempts to collect this debt in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(5), 1692d(6), 1692e, 1692e(2), 1692e(5), 1692e(10), 1692e(11), and 1692f, amongst others, as well as violations of the TCPA.

### *Deceptive Call Regarding Plaintiff's Mother*

23. On or about July 29, 2011, Defendant Jane Doe called Plaintiff and left her a message saying that she was calling about Plaintiff's "mom" and indicated that she would call back later.

24. Plaintiff's mother is 80-years old and has had serious health problems in the past.

25. This collection all on this occasion was a false and deceptive attempt to alarm Plaintiff into calling Defendants back to collect this debt, and therefore a violation of numerous and multiple provisions of the FDCPA including but not limited to 15 U.S.C. §§ 1692c(a)(1), 1692d, 1692d(1), 1692d(5), 1692d(6), 1692e, 1692e(5), 1692e(7), 1692e(10), and 1692f, amongst others.

### *Spoofed Caller ID*

26. On or about July 29, 2011, Defendant John Doe called Plaintiff and left her a message in an attempt to collect this debt.

27. The caller ID unit on Plaintiff's telephone registered a local telephone number, (612) 852-3610, which was a false telephone number that is actually disconnected.

28. The practice of altering and falsifying caller ID information is a false and deceptive practice in an attempt to collect a debt and therefore a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(5), 1692d(6), 1692e, 1692e(5), 1692e(7), 1692e(10), and 1692f, amongst others.

29. Caller ID Spoofing is a violation of the TCPA at 47 U.S.C. §§ 227(e) as well as a FCC Regulations 47 CFR Parts 1 and 64, subjecting Defendants to potential civil penalties by the Federal Communications Commission.

### *Respondeat Superior Liability*

30. The acts and omissions of these individual Defendants, and the other debt collectors employed as agents by Defendant NWA who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant NWA.

31. The acts and omissions by these individual Defendants and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant NWA in collecting consumer debts.

32. By committing these acts and omissions against Plaintiff, these individual Defendants and these other debt collectors were motivated to benefit their principal, Defendant NWA.

33. Defendant NWA is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in their attempts to collect this debt from Plaintiff.

### *Summary*

34. All of the above-described collection communications made to Plaintiff by Defendant NWA and other collection employees employed by Defendant

NWA, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions, amongst others, as well as an invasion of her privacy by the use of repeated calls without any meaningful disclosure of their identity.

## TRIAL BY JURY

35. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The foregoing acts and omissions of Defendant NWA and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

38. As a result of Defendant NWA's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. §

1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant NWA herein.

## COUNT II.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. Section 227 et seq.

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. Within the one year period immediately preceding this action, the Defendant NWA made numerous calls to the Plaintiff's cellular telephone service using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. Section 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

41. The acts and or omissions of Defendant NWA at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

42. As a causally-direct and legally proximate result of the above violations of the TCPA and the C.F.R., Defendant NWA at all times material and relevant hereto, as described in this Complaint, caused Plaintiff to sustain damages.

43. Defendant NWA did not have the prior express consent of Plaintiff to use an automatic telephone dialing system to call the Plaintiff's cellular telephone and made such calls willfully.

44. Under the 47 U.S.C. Section 227(b)(3)(B), the Plaintiff is entitled to statutory damages under the TCPA of $500.00 per telephone call made to Plaintiff.

45. Defendant NWA willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per telephone call made to the Plaintiff pursuant to the 47 U.S.C. Section 227(b)(3).

46. Plaintiff is entitled to injunctive relief prohibiting Defendant NWA from contacting the Plaintiff on her cellular telephone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants as follows:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants and for Plaintiff;

## COUNT II.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. Section 227 et seq.

- for an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. Section 227(b)(3)(B) against Defendants and for Plaintiff;

- for an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. Section 227(b)(3) against Defendants and for Plaintiff;

- for an injunction prohibiting Defendants from contacting the Plaintiff on her cellular telephone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: August 19, 2011          **BARRY, SLADE & WHEATON, LLC**

By: **s/Peter F. Barry**
Peter F. Barry, Esq.
Attorney I.D.#0266577
2701 SE University Ave, Suite 209
Minneapolis, Minnesota 55414-3236

-11-

                                              Telephone:  (612) 379-8800
                                              Facsimile: (612) 379-8810
                                              pbarry@lawpoint.com

pfb/ra                                          **Attorney for Plaintiff**